1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEBEDE ABAWAJI,

                            Petitioner,

        v.

DAN WHITE,

                            Respondent.

Case No. C23-30-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kebede Abawaji is a state prisoner who is currently confined at the Monroe Correctional Complex in Monroe, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to a 2015 judgment and sentence of the King County Superior Court. Petitioner has previously filed a federal habeas petition relating to the same judgment. This Court, having reviewed the petition filed in this matter, and the prior petition filed by Petitioner, concludes that the instant petition is a second or successive petition over which this Court lacks jurisdiction, and that the petition should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II.    DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on January 6, 2023, and the petition was filed on January 18, 2023, after Petitioner submitted the requisite filing fee. (*See* dkt. ## 1, 4.) The petition relates to the judgment and sentence entered under King County Superior Court case number 15-1-02200-4 SEA, on November 6, 2015. (Dkt. # 4 at 2.) Petitioner asserts in his petition that his current custody is unlawful because he has not been afforded DNA testing to prove his innocence. (*Id*. at 3.) Specifically, Petitioner seeks DNA testing of a hammer that he originally told police he had used to hit his wife in the head, but that he now claims was not used in relation to the offense of which he was convicted. (*See* dkt. # 4-1 at 2-3.) Petitioner maintains now that his wife was actually "shoved" by a third person which caused her to fall down and hit her head on the curb. (*Id*. at 3.) Petitioner asserts that DNA testing would prove that the hammer introduced as evidence at his trial was not what caused his wife's injury. (*Id*. at 3-4.)

Petitioner indicates in his materials that he presented a motion for DNA testing to the trial court, which was denied, and that he thereafter unsuccessfully sought review of the trial court's ruling in both the Washington Court of Appeals and the Washington Supreme Court. (*See* dkt. # 4-1 at 3-4.) Petitioner maintains that the Washington state courts, in denying his motion for DNA testing, "did not follow their own rules and law." (*Id*. at 4.) He asks that this Court grant him a hearing "to determine the facts of his innocence." (*Id*. at 6.)

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*,

REPORT AND RECOMMENDATION
PAGE - 2

1  603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore

2  properly construed as one brought pursuant to § 2254.

3      A review of this Court's records reveals that Petitioner filed a federal habeas petition

4  challenging the same 2015 King County Superior Court judgment and sentence in February

5  2018. *See Abawaji v. Jackson*, C18-193-RAJ, dkt. # 1. That petition was dismissed with

6  prejudice on March 12, 2019. *Id*., dkt. # 41. This Court's records further reveal that Petitioner

7  filed a second federal habeas petition in 2018 that was an exact copy of the petition filed under

8  case number C18-193-RAJ. *See Abawaji v. Belte*, C18-552-TSZ, dkt. # 1. That petition was

9  deemed duplicative of Petitioner's earlier filed habeas petition, and the matter was terminated on

10  May 25, 2018. *See id*., dkt. ## 4-5.

11      The fact that Petitioner had a previous federal habeas petition challenging the judgment at

12  issue here dismissed with prejudice renders the instant petition a second or successive one for

13  purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to

14  consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing.

15  *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has

16  authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the

17  petition.[1]

18  //

19  //

20

---

21  [1] The Court observes that it also appears doubtful that Petitioner has presented any cognizable claim for
relief in his petition. Petitioner has not identified any federal constitutional basis for his claim regarding
DNA testing, and it remains an open question as to whether a petitioner "may be entitled to habeas relief
22  based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

23

REPORT AND RECOMMENDATION
PAGE - 3

### III.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) be dismissed for lack of jurisdiction and that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2023**.

REPORT AND RECOMMENDATION
PAGE - 4

DATED this 6th day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5