THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEBEDE ABAWAJI,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>DAN WHITE,<br><br>　　　　　　　Respondent. | CASE NO. C23-0030-JCC<br><br>ORDER |

　　　This matter comes before the Court on Petitioner's objections to the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson. (Dkt. No. 6.) Having thoroughly considered the briefing and the relevant record, the Court hereby OVERRULES the objections, ADOPTS the R&R, and DENIES the petition (Dkt. No. 4) without prejudice.

　　　According to the R&R, Petitioner is a state prisoner who filed a habeas petition challenging his conviction and sentence pursuant to 28 U.S.C. § 2254. (*See* Dkt. No. 5 at 2.) This is Petitioner's third habeas petition challenging the same King County Superior Court's judgment for which he is confined. (*See id.* at 1, 3). The first sought relief on grounds that one charge was procedurally invalid, that the prosecution lied about the extent to which a piece of evidence was examined, and that the jury ignored an instruction. *See Abawaji v. Jackson*, C18-0193-RAJ, Dkt No. 1. The second, filed while the first was under consideration, was terminated because it was an exact duplicate. *See Abawaji v. Belte*, C18-0552-TSZ, Dkt. Nos. 4, 5.

ORDER
C23-0030-JCC
PAGE - 1

In this petition, Petitioner now requests DNA testing of that same piece of evidence referenced above. (*See* Dkt. Nos. 4-1 at 7; 6 at 3.) The R&R characterized it as a successive petition filed without Ninth Circuit authorization, thereby precluding the Court's jurisdiction. (*See generally* Dkt. No. 6.) Petitioner filed timely objections, which the Court construes liberally. *See, e.g.*, *Todd v. United States*, 2012 WL 5351845, slip op. at 1 (W.D. Wash. 2012).

A party may file specific objections to proposed findings and recommendations. *See* Fed. R. Civ. P. 72(b). This Court then reviews such objections *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). However, "[b]efore a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A habeas petition is "second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

Petitioner argues Judge Peterson erred in classifying this petition as successive. (*See generally* Dkt. No. 6.) But it is uncontested that Petitioner did not move for leave from the Court of Appeals to file the instant petition. According to Petitioner, this is because the instant petition is not successive as it requests relief not made in prior petitions. (*See* Dkt. No. 6 at 1–2.) This is simply incorrect. Although Petitioner's prior challenge was based on slightly different reasoning than this one, both challenge the same judgment and the same evidence upon which that judgment is based. Therefore, this is insufficient to trigger this Court's jurisdiction. Accordingly, the Court ORDERS as follows:

1) The Court ADOPTS the R&R (Dkt. No. 5) in full.

2) Petitioner's petition (Dkt. No. 4) is DISMISSED without prejudice pursuant to 28 U.S.C. § 2244(a) as an unauthorized successive petition for which this Court lacks jurisdiction.

3) A certificate of appealability is DENIED.

4) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Michelle L. Peterson.

DATED this 21st day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-0030-JCC
PAGE - 3